UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER GRAY, | Case No. 1:20-cv-00902-JDP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. No. 23) |
| C. FLORES, *et al.*, | |
| Defendants. | |

Plaintiff Oliver Gray is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff seeks appointment of counsel because he claims to suffer from neurological and psychological issues and cannot afford counsel. (Doc. No. 23).

The Court denied Plaintiff's previous motion for appointment of counsel on July 1, 2020. (Doc. No. 12). Plaintiff has not provided any changed circumstances that warrant exceptional circumstances for the Court to reconsider its July 1, 2020, Order. Indeed, it appears that Plaintiff may have intended to file this motion in a habeas action as he identifies himself as the "Petitioner" and references a habeas petition filed under § 2254. (*See* Doc. No. 23 at 3, requesting court to appoint "counsel to assist in preparing his habeas petition also representation.").

1

Nonetheless, in an abundance of caution, the Court reiterates that the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* considering the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Plaintiff does not indicate how his neurological and psychological issues affect his ability to prosecute this action. Indeed, a review of the pleadings filed by Plaintiff to date show he can articulate his claims in this case. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly litigate case despite mental illness). Finally, at this stage in the proceedings, Plaintiff has not demonstrated a likelihood of success on the merits, and the issues covered in his Complaint do not appear unusually complex.

////

Accordingly, it is hereby ORDERD:

Plaintiff's motion for the appointment of counsel (Doc. No. 23) is DENIED without prejudice.

Dated:   June 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE