UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER GRAY,<br><br>            Plaintiff,<br><br>      v.<br><br>C. FLORES, M. FRANCO, L. LANE, AND Q. TRUE,<br><br>            Defendants. | Case No.  1:20-cv-00902-JLT-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANT<br><br>(Doc. No.  26) |

Plaintiff Oliver Gray, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983.  On May 3, 2023, this Court issued a screening order on Plaintiff's Complaint.  (Doc. No. 21).  As discussed at length in this Court's screening order, the Complaint states a cognizable Eighth Amendment sexual assault claim against Defendant Flores but no other claim.  (*Id*. at 9-11).  Specifically, the Court found the Complaint did not state any cognizable claim against Defendants Franco, Lane, or True.  (*Id*.).  The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not deemed cognizable.  (*Id*. at 18-19).

On July 31, 2023, Plaintiff filed a pleading, signed to under penalty of perjury stating that he desires "stand[] on my current complaint against Defendant Flores, voluntarily dismissing Defendants Franco, Lane, and True, and any other claims the Court has deemed not cognizable." (Doc. No. 26 at 1). The Court construes the pleading as a Rule 41 notice.

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). In accordance with Plaintiff's notice, Defendant Franco, Lane, and True are dismissed without prejudice by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's Complaint will proceed on Plaintiff's Eighth Amendment sexual assault claim against Defendant Flores. (*See* Doc. No. 1). The Court will direct service of process on Defendant Flores by separate order.

Accordingly, it is **ORDERED**:

The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants Franco, Lane, and True.

Dated:   August 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE